UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
WARREN STEEL HOLDINGS, LLC, et al, :   CASE NO. 4:07-cv-1883
:
       Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 8]
LLOYD WILLIAMS, :
:
       Defendants. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant, Lloyd Williams ("Williams"), moves for dismissal of the present matter [Doc. #8]. Plaintiffs, Warren Steel Holdings, LLC ("Warren") and Plama Limited ("Plama"), have opposed this motion. For the reasons described below, the Court grants Defendant's motion to dismiss.

I. Background

Plaintiffs Warren and Plama have petitioned this Court to compel Defendant Williams to submit to the jurisdiction of the appointed sole arbitrator in Paris, France pursuant to the Convention on Recognition of Foreign Arbitral Awards, 9 U.S.C. §§ 201-208, and the Federal Arbitration Act (9 U.S.C. §§ 1 *et. seq.*).

This dispute arises out a breach of contract suit brought by Defendant Williams and his company, Williams Industrial Services, LLC against current Plaintiffs Plama and Warren. Both contracts contained nearly identical arbitration clauses. The clauses state:

> All disputes and/or differences, which may arise out of this Contract shall be settled by amicable negotiations and a mutually agreed upon area be decided upon by the Parties.

Case No. 4:07-cv-1883
Gwin, J.

> In case of impossibility of settlement an independent arbitrator shall be assigned to resolve these differences.
>
> *Any dispute concerning this contract will be considered and settled by international commercial arbitration court of Dusseldorf, Germany or international arbitration court in Paris, France according to the Rules of these courts*, at the choice of the claimant. Decisions of Arbitration court are final and obligatory for both Parties.
>
> The Parties have agreed upon consideration of dispute in structure and one arbitrator, English language will be used in arbitration court, arbitration expenses and gathering to assign to lost Party in proportion to the size of satisfaction of the claim.

(Compl. ¶ 17 (emphasis added).)

This Court heard an earlier case in this dispute, 4:06-CV-01324. In that case, Defendant Williams and Williams Industrial filed a complaint against Plama and Warren. As defendants in that case, Plama and Warren did not assert any counterclaims against now-Defendant Williams. Plama and Warren filed a motion to compel arbitration, and Williams and Williams Industrial filed a response to the motion stating "Plaintiffs [Williams and Williams Industrial] agree to submit their claims against the Plama Defendants to international arbitration in accordance with the Convention." (Comp., Ex. 6, at 2.)

In December 2006, this Court dismissed Williams' and Williams Industrial's claims without prejudice pursuant to this notice of arbitration. Williams and Williams Industrial have appeared for arbitration proceedings, but Defendant Williams now claims that the arbitration court does not have jurisdiction over him and has submitted this question to the arbitrator. Apparently, Williams argues he has never consented to arbitrate the claims filed against him.

In the French arbitration proceedings, both parties signed a "Terms of Reference" document on July 9, 2007 that includes the following provision: "This decision being administrative in nature, the Sole Arbitrator must decide on his own jurisdiction in accordance with Article 6(2) of the Rules

Case No. 4:07-cv-1883
Gwin, J.

in view of the Respondent's [Williams'] objections . . ." (Def.'s Mem. Supp. Mot. Dismiss of 07/24/07, Ex. G, at 4.) In this current action, Plaintiffs Plama and Warren say that this argument to the ICC is a refusal to arbitrate under the Federal Arbitration Act and ask this Court to compel Williams to arbitrate.

## II. Legal Standard

In reviewing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the standard depends upon the nature of the motion.

Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. Fed R. Civ. P. 12(b)(1); *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack challenges the sufficiency of the pleading itself. In such cases, the Court takes all material allegations in the complaint as true, and construes them in a light most favorable to the nonmoving party. *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235-37 (1974)).

When responding to a facial attack on subject matter jurisdiction, the plaintiff's burden is not onerous. *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996). On the contrary, the plaintiff can "survive the motion by showing any arguable basis in law for the claim made." *Id.*

On the other hand, a factual attack does not challenge the sufficiency of the pleading's allegations. Rather, it challenges the court's power to hear the case; i.e., the jurisdiction of the court. In these cases, no presumptive truthfulness applies to the factual allegations. Moreover, the plaintiff bears the burden of establishing jurisdiction. *RMI Titanium Co. v. Westinghouse Electric Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996); *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 324 (6th Cir.

Case No. 4:07-cv-1883
Gwin, J.

1990).

In reviewing a factual attack, a district court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Ritchie*, 15 F.3d at 592 (internal citations omitted). The Court has wide discretion to allow affidavits, documents, and even conduct a limited evidentiary hearing if necessary. *Ohio Nat'l Life Ins.*, 922 F.2d at 325. Ultimately, the court must "weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist." *Id.*

> Section 4 of the Federal Arbitration Act provides that:
>
> > A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement. . . . The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. . . . If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof.

9 U.S.C. § 4. Thus, under the Federal Arbitration Act, "[t]he role of the courts in reviewing matters subject to arbitration . . . is limited to determining two issues: i) whether a valid agreement or obligation to arbitrate exists, and ii) whether one party to the agreement has failed, neglected or refused to arbitrate, in whole or in part." *PaineWebber Inc. v. Bybyk*, 81 F.3d 1193, 1198 (2d Cir. 1996) (citation omitted).

### III. Analysis

#### A. Who Determines Arbitrability

Case No. 4:07-cv-1883
Gwin, J.

The Court must decide whether it should determine the underlying dispute's arbitrability or whether the parties clearly agreed to submit that issue to the arbitrator. Generally, state law formation of contract principles determine whether a party has agreed to arbitrate arbitrability. *First Options, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). In *First Options*, however, the U.S. Supreme Court qualified this by stating that "[j]ust as the arbitrability of the merits of a dispute depends upon whether the parties agreed to arbitrate that dispute . . . so the question "who has the primary power to decide arbitrability" turns upon what the parties agreed about that matter." *Id.* at 943. "Courts should not assume that the parties agreed to arbitrate arbitrability unless there is "clear and unmistakable" evidence that they did so." *Id.* at 944 (citation omitted).

Unlike the parties in *First Options*, the parties here have agreed to arbitrate arbitrability. The contracts provide that "[a]ny dispute concerning th[e] contract will be considered and settled by international commercial arbitration court of Dusseldorf, Germany or international arbitration court in Paris, France *according to the Rules of these courts* . . . " (Compl. ¶ 17 (emphasis added).) The rules governing the arbitration are those issued by the International Chamber of Commerce. Those rules state that "[i]n such a case, any decision as to the jurisdiction of the Arbitral Tribunal shall be taken by the Arbitral Tribunal itself." (Def.'s Mem. Supp. Mot. Dismiss of 07/24/07, Ex. A, at 12-13). Thus, the parties agreed to arbitrate arbitrability by the terms of the arbitration provision.

The parties' signatures on the "Terms of Reference" document provide further evidence of their desire to arbitrate the issue of arbitrability. (Def.'s Mem. Supp. Mot. Dismiss of 07/24/07, Ex. G.) The document states that "[t]his decision being administrative in nature, the Sole Arbitrator must decide on his own jurisdiction in accordance with Article 6(2) of the Rules in view of the Respondent's [Williams'] objections . . ." (Def.'s Mem. Supp. Mot. Dismiss of 07/24/07, Ex. G, at

-5-

Case No. 4:07-cv-1883
Gwin, J.

4.) "An agreement to have the arbitrator decide the issue of arbitrability may be implied from the conduct of the parties in the arbitration setting." *Vic Wertz Distributing Co. v. Teamsters Local 1038*, 898 F.2d 1136, 1140 (6th Cir. 1990).

Plaintiffs argue the parties have not agreed to submit the issue to an arbitrator because Defendant will not be bound by the arbitrator's decision. Plaintiffs cite no cases to support this proposition. Like review of the arbitrator's decision on the merits, review of the arbitrator's decision upon arbitrability is limited. *See First Options v. Kaplan*, 514 U.S. 938, 943 (1995) (describing review). The parties here have agreed to submit the arbitrability question to the arbitrator "without reservation," and so review of the arbitrability decision will follow the same deferential standard. *See Cleveland Elec. Illuminating Co. v. Util. Workers Union, Local 270*, 440 F.3d 809, 813-14 (6th Cir. 2006) (finding arbitrability had been submitted to the arbitrator "without reservation" and therefore engaging in deferential review). As noted, the Court finds "clear and unmistakable evidence" that the parties agreed to arbitrate the issue of arbitrability.

B. Refusal to Arbitrate

Plaintiffs argue that Defendant's contesting arbitrability amounts to a refusal to arbitrate. This is not the case. "A party refuses to arbitrate if it 'commences litigation or is ordered to arbitrate the dispute and fails to do so.'" *Empresa Generadora de Electricidad ITABO, S.A. v. Corporation Dominicana de Empreas Electricas Estatales*, 05 Civ. 5004 (RMB), 2005 U.S. Dist. LEXIS 14712 at *15, *23 (S.D.N.Y. July 18, 2005) (internal citation omitted) (finding a defendant had not failed to arbitrate where it "has participated in the arbitration while, at the same time, challenging the scope of arbitrability in its answer to the ICC.") "Where there has been no refusal to arbitrate, [a] petitioner cannot use Section 4 [of the Federal Arbitration Act] as a vehicle to seek review of the .

Case No.4:07-cv-1883
Gwin, J.

. . decision about how to proceed with the arbitration process." *Jacobs v. USA Track & Field*, 374 F.3d 85 (2d Cir. 2004).  The Court finds the Defendant has not refused to arbitrate, and both parties have agreed to submit issues of arbitrability to the arbitrator.

IV. Conclusion

For the reasons described above, the Court **GRANTS** Defendant's motion to dismiss

IT IS SO ORDERED.


Dated: September 11, 2007                       *s/       James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE